## Case No. 16,876a.

### VAN STRATTON v. BORBOCK et al.

#### [23 Betts. D. C. MS. 59.]

District Court, S. D. New York.    Sept. Term, 1857.

ATTACHMENT — ISSUANCE OF WRIT — RULES OF COURT—ARRESTS ON ADMIRALTY PROCESS.

[1. Under rule 28 of the district court, providing that "process cannot issue against goods, choses in action, or moneys in the hands of third persons, except by order of the judge," a writ of foreign attachment in aid of a libel in personam in admiralty to recover less than $500, issued without direct sanction of the court, is irregular, and must be discharged.]

[2. Rule 28 is not rescinded by Sup. Ct. Rule 7, prohibiting employment of the writ in aid of demands exceeding $500 without authority of the judge, as by Sup. Ct. Rule 46 no repeal by implication is to arise where there is no conflict between the regulation of the subordinate and superior courts.]

[3. Since the promulgation of the supreme court rules of 1850, abolishing arrests on admiralty process where by the state laws imprisonment for debt has been abolished, a warrant of arrest sued out without the special order of the judge is nugatory and void.]

[This was a libel by Cornelius Van Stratton against James B. Borbock, Samuel C. Joy, and others. Motion to vacate attachment.]

Mr. Mudgett, for libelants.

F. B. Cutting, for respondents.

BETTS, District Judge. The libel was filed to recover $361.59 for labor and materials supplied by the libellant to the brig Sutton, of which the respondent Samuel C. Joy was master, and the other respondents joint owners with him. It prays that a warrant in due form of law may issue to the marshal commanding him to cite or admonish the respondents to be forthcoming before the court to be named in the warrant. to answer the libel; and further commanding him, if the respondents cannot be found within the district, to attach their goods and chattels, and for warrant thereof, the goods and effects of the respondents in the hands of their garnishees. according to the course of courts of admiralty and the rules and practice of this court in civil causes of admiralty and maritime jurisdiction. Upon this libel a warrant was taken from the clerk's office commanding the marshal "to take and arrest the respondents if they shall be found in the district, and them safely keep so as to have their bodies before the court. &c., to answer said libel, &c.," and. if the respondents cannot be found. to attach their goods and chattels to the amount sued for. and. if such property cannot be found, to attach their credits and effects to the amount sued for in the hands of the New York & New Haven Railroad Company, the garnishees. One of the respondents applied to the court, after notice to the proctor of the libellant, to discharge the above attachment because it was issued without any previous or-

der of the court authorizing the proceeding. The libellant upholds the correctness of his practice on the ground that, the matter in demand being less than $500, no preliminary order of the judge was required, and insists that this court, in March term, 1856, held that a mandate of the judge was unnecessary when the debt upon which the foreign attachment was sought for did not exceed $500. The case referred to—Gregory v. The White Oak [unreported]—turned upon a different point, and no suggestion was made by the court on its decision, sanctioning the arrest of property in any case without an express order of a judge of the court. The warrant employed in that case was directly in contravention of a rule of the supreme court (rule 7), and it was incidentally remarked that the practice could not be justified under a rule of this court of a different tenor. Rule 17 of the district court. which is cited as authorizing the clerk to award a warrant against property without any order of the judge, when the sum demanded is less than $500, relates only to process against the person of a respondent. It does not allude to the arrest of his property. That proceeding comes under the provisions of rules 25, 26, 27, and most especially rule 28. The latter rule cannot be considered abrogated by the slender implication deduced from the supreme court rule 7. On the contrary, the supreme court, in its code of rules, expressly declare that .in cases not provided for by its system the district and circuit courts are to regulate the practice of their courts respectively in such manner as they shall deem most expedient for the due administration of justice in suits in admiralty. Sup. Ct. Rule 46. A positive direction in rule 28 of the district court that "process cannot issue against goods. choses in action or moneys in the hands of third persons, except by order of the judge and upon due process of the claim first made" cannot be deemed rescinded by the special prohibition in Sup. Ct. Rule 7 to employing the writ in demands exceeding $500 without such authority, against the positive expression of the sense of the supreme court in rule 46, that no repeal by implication is to arise when there is no conflict between the regulations of the subordinate and superior courts. Palpably, then, rule 28 of this court prescribes a regulation which explicitly meets and controls this case. and. not falling within the scope of the 7th rule of the supreme court, became the law of practice in the present proceeding. The libellant was not accordingly entitled to process of attachment against the property arrested, without the express sanction of the judge, and the warrant in this case was irregularly or improvidently issued, and must be discharged.

The specific motion is to vacate the attachment because it was issued without the mandate of the judge, but the papers disclose another error in the proceeding equally fatal to their validity. The court adverts to that

point here because it is one of moment, and one upon which it would appear a very loose and inaccurate practice has for a time prevailed in suing out and pursuing writs of foreign attachment in aid of actions in personam in admiralty. According to the long-established practice of this court, a writ of foreign attachment for the purpose of obtaining the personal appearance · of a party is made part of and auxiliary to the process issued upon the libel against the party who is to be brought into court. Betts, Adm. ·28; Dist. Ct. Rules 13. The main process was a capias or attachment in personam, according to the fundamental practice of the English admiralty. Clerke, Praxis Adm. tits. 1, 3, 20. When the defendant could not be arrested, the warrant of attachment against his personal effects. appended to that against his person, came into operation and was executed upon them or his debts or choses in action. Id. tits. 28, 32; 2 Sir L. Jenk. 775. Warrants of arrest against the person were continued in use in this district under its stated rules, and in the admiralty courts of the United States, under rule 2 of the supreme court (Gardner v. Isaacson [Case No. 5,230]), until the rules of the supreme court of December, 1850 (10 How. [51 U. S.] iv., v.), abolished the arrest of the party on admiralty process in all cases where by the laws of the state in which the court is held imprisonment for debt has been or shall be hereafter abolished upon similar or analogous process issuing from a state court. The ordinary process of capias in actions for the recovery of money would be erroneous and unavailing in the state court without the mandate of a judge endorsed thereon directing the defendant to be held to bail. 1 Bunnell, Prac. 88. 89; Sess. Laws N. Y. 1831, p. 396; 1 Stat. 321, 410. This legislation of congress, connected with the exercise of its special powers by the supreme court in 1850 in regard to process authorizing the bodily arrest and detention of parties in actions for the recovery of money takes from the libellants, all authority to employ a warrant of arrest without the special order of the judge, and the one sued out by the libel in this case and objected to on this motion, must be held nugatory and void. Several years since it was declared by this court that the warrant of arrest was no longer a proper process to employ in connection with a warrant of foreign attachment, since the adoption of the rule of the supreme court of December term, 1850. The proceeding was allowed to stand in that particular case because the rule, although nominally adopted by the court in December, 1850, was not promulgated until after that action was instituted, and especially because the arrest of the defendant under the warrant against his person was ordered by the judge on the writ. Nelson v. Bell [Case No. 10,101a].

The motion in this case must prevail. and an order be entered setting aside the proceedings on the attachment.